J-S17008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LE-JIARON ELMORE | |
| Appellant | No. 461 WDA 2015 |

Appeal from the Judgment of Sentence February 4, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006566-2014

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 18, 2016**

Appellant, Le-Jiaron Elmore, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his guilty plea to aggravated assault and endangering the welfare of children ("EWOC").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On or around June 20, 2014, the Commonwealth filed a criminal information charging Appellant with one count each of aggravated assault, EWOC, simple assault of a child, and recklessly endangering another person, in connection with an incident involving Appellant's four-month-old daughter ("Victim")

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1); 4304(a)(1), respectively.

---

*Former Justice specially assigned to the Superior Court.

that occurred on April 22, 2014. On November 12, 2014, Appellant pled guilty to aggravated assault and EWOC in exchange for the Commonwealth's agreement to withdraw the remaining charges. The plea was open as to sentencing.

At Appellant's guilty plea hearing, the Commonwealth summarized the factual basis for the plea as follows:

> Had the case proceeded to trial…the Commonwealth would have called Detective Sellers and Detective Campbell and also Children's Hospital's Drs. Rachel Berger and Jennifer Wolford along with Zone 1 uniformed officers and [V]ictim's mother, …and [V]ictim's grandmother who would have testified that on or about April 22, 2014, [V]ictim…was taken first to Allegheny General Hospital by her mother for an arm injury. X-rays were taken of this four-month-old twin female's arms and revealed that she had a right forearm with a spiral fracture. The x-rays further showed three right fractured ribs that were in different stages of healing. The four-month-old was transferred to Children's Hospital where additional x-rays and skeletal surveys revealed an additional broken rib to the left side and corner fractures to both femurs.
>
> All parties were interviewed and police learned that [V]ictim's mother had left her four-month-old twins with their father, later identified as [Appellant], for a short time while she left their home in Pittsburgh. Upon returning[, Victim] was crying, a cry that her mother never heard before. [Victim's mother] said [Appellant] was the only caregiver. She asked him about the four-month-old. He became highly upset and said he didn't know why she was crying. The mother next noticed that the four-month-old had a dangling arm and sought medical care.
>
> The doctors at Children's Hospital would have testified as experts that the abuse happened on more than one occasion and that the abuse was caused, it was non-accidental. With that, the Commonwealth would have rested.

- 2 -

(N.T. Guilty Plea Hearing, 11/12/14, at 4-6). The court asked defense counsel if Appellant had any additions or corrections to the Commonwealth's recitation of the facts, to which counsel responded: "None, Your Honor." (*Id.* at 6). After the court conducted a guilty plea colloquy, it accepted Appellant's plea as knowing, intelligent, and voluntary. The court noted for the record the relevant offense gravity score ("OGS") and Appellant's prior record score ("PRS"). The Commonwealth further indicated Victim's mother and Victim's grandmother were present in court, and Victim's mother had written a letter which she asked the Commonwealth to read into the record. The Commonwealth read the victim impact statement into the record at that time. The court deferred sentencing pending a presentence investigation ("PSI") report.

On February 4, 2015, Appellant proceeded to sentencing. The court initially noted it had read and considered the PSI report. The court also reiterated the OGS for the aggravated assault conviction and Appellant's PRS. Defense counsel emphasized Appellant took responsibility for his actions by pleading guilty. Defense counsel also mentioned Appellant's mental health issues. Based on Appellant's PRS of zero and his acceptance of responsibility, defense counsel requested a mitigated range sentence. When the court asked Appellant if he wanted to say anything, Appellant stated: "Just, I'm sorry." (N.T. Sentencing Hearing, 2/4/15, at 3). The Commonwealth explained Victim's mother and Victim's grandmother were

once again present in court. The Commonwealth reminded the court about Victim's mother's impact statement. The Commonwealth also discussed Victim's injuries. The Commonwealth further added Appellant had been investigated for a strikingly similar incident in 2004 involving injuries to a five-month-old child; the case was closed due, in part, to that mother's lack of cooperation and Appellant's lack of cooperation. The Commonwealth sought a high standard range or aggravated range sentence.

At the conclusion of the hearing, the court sentenced Appellant to seven (7) to twenty (20) years' imprisonment for aggravated assault. The court imposed no further penalty for Appellant's EWOC conviction. In fashioning Appellant's sentence, the court explained:

> Okay. [Appellant], I really can't consider the prior investigation since it did not lead to any kind of conviction. So we don't know what there is to know about this.
>
> However, I am concerned, because this was a four-month-old child. A four-month-old child, as you probably know, can't even sit up, let alone defend [herself] or talk.
>
> Now, she had a fracture to her forearm, three fractured ribs, which happened on a prior occasion, which leads me to conclude that it wasn't that you were angry one time and just took off on her. She had another broken rib, and she had two corner fractures to both of her femurs. This shows a long term pattern of abuse by you.
>
> I certainly feel that you are a danger to any child in our community. I don't see that you're amenable to rehabilitation.
>
>         *    *    *
>
> I'm going to make a recommendation that he be

considered for placement at Waymart, which is a mental health state correctional institution.

(*Id.* at 4-5).

Appellant timely filed post-sentence motions on February 10, 2015, which the court denied on February 13, 2015. Appellant timely filed a notice of appeal on March 13, 2015. On March 25, 2015, the court ordered Appellant to file by May 22, 2015, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed his concise statement on May 21, 2015.

Appellant raises one issue for our review:

DID THE TRIAL COURT FAIL TO ADEQUATELY CONSIDER AND APPLY ALL OF THE RELEVANT SENTENCING CRITERIA, INCLUDING [APPELLANT'S] CHARACTER AND REHABILITATIVE NEEDS, THE GRAVITY OF THE OFFENSE AND THE PROTECTION OF THE PUBLIC, AS REQUIRED UNDER 42 PA.C.S.A. § 9721(B) (SENTENCING GENERALLY; GENERAL STANDARDS) AND 42 PA.C.S.A. § 9725 (TOTAL CONFINEMENT); AND DID IT IMPROPERLY CONSIDER A PRIOR INVESTIGATION INTO A SEPARATE MATTER?

(Appellant's Brief at 4).

Appellant argues the court imposed an excessive sentence due primarily to the nature of Appellant's crime. Appellant asserts his sentence of seven to twenty years' imprisonment for aggravated assault was significantly above the sentencing guidelines. Appellant contends the court failed to discuss the applicable sentencing guidelines at the guilty plea or sentencing hearings. Appellant claims the court impermissibly "double

counted" the seriousness of Appellant's offense when it deviated from the sentencing guidelines, because his offense gravity score already accounted for the seriousness of Appellant's crime. Appellant avers the court failed to consider the relevant sentencing factors under 42 Pa.C.S.A. § 9721(b). Appellant complains the court also ignored the criteria necessary for imposing a sentence of total confinement set forth at 42 Pa.C.S.A. § 9725. Appellant suggests the court discounted mitigating factors such as Appellant's age, his lack of a prior adult record, and the facts that Appellant suffered from mental health and addiction problems, consistently remained employed, took responsibility for his crimes by pleading guilty, and showed remorse. Appellant objects to the court's failure to reference the specific content of the PSI report at the sentencing hearing. Appellant maintains the court considered an unsubstantiated allegation from 2004 involving Appellant's conduct with a different child in determining Appellant's sentence. Absent reliance on this unsubstantiated allegation, Appellant insists the record lacks support for the court's statement that Appellant was not amenable to rehabilitation and a danger to children. Appellant concludes the court abused its sentencing discretion, and this Court must remand for resentencing. As presented, Appellant's claims implicate the discretionary aspects of sentencing. *See, e.g., Commonwealth v. Cartrette*, 83 A.3d 1031 (Pa.Super. 2013) (*en banc*) (explaining claim sentencing court failed to consider Section 9721(b) factors pertains to discretionary sentencing

matters); ***Commonwealth v. Clarke***, 70 A.3d 1281 (Pa.Super. 2013), *appeal denied*, 624 Pa. 671, 85 A.3d 481 (2014) (stating contention court focused solely on serious nature of crime without adequately considering protection of public and defendant's rehabilitative needs concerns court's sentencing discretion); ***Commonwealth v. McAfee***, 849 A.2d 270 (Pa.Super. 2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004) (explaining claim court considered improper factor upon sentencing challenges discretionary aspects of sentencing); ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating allegation court overemphasized seriousness of crime without considering mitigating factors challenges discretionary aspects of sentencing).

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. ***Commonwealth v. Hunter***, 768 A.2d 1136 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal*

*denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a timely filed post-sentence motion. ***Commonwealth v. Griffin***, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013). "This failure cannot be cured by submitting the challenge in a Rule 1925(b) statement." ***McAfee, supra*** at 275.

What constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa.Super. 2000) (internal citation omitted). In other words, an appellant's Rule 2119(f) statement must sufficiently articulate the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002).

On appeal, this Court will not disturb the judgment of the sentencing court absent an abuse of discretion. ***Commonwealth v. Fullin***, 892 A.2d 843 (Pa.Super. 2006).

[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.  In more expansive terms, …: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.  Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review.  Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.  Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court.  Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

*　　*　　*

[W]e reaffirm that the guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors—they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence. …

*Commonwealth v. Walls*, 592 Pa. 557, 564-70, 926 A.2d 957, 961-65

(2007) (internal quotation marks, footnotes, and citations omitted).

> Furthermore, in exercising its discretion, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence that takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as the court also states of record the factual basis and specific reasons which compelled the deviation from the guidelines. This Court must remand for resentencing with instructions if we find that the sentencing court sentenced outside the guidelines and the sentence was unreasonable.

*Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2002) (internal citations omitted).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). **See also** 42 Pa.C.S.A. § 9725 (stating court shall impose sentence of total confinement if, having regard to nature and circumstances of crime and history, character, and condition of defendant, it is of opinion that total confinement is necessary because: (1) there is undue risk defendant will commit another crime during period of probation or partial confinement; (2) defendant needs correctional treatment that can be provided most effectively by commitment to institution; or (3) lesser sentence will depreciate seriousness of crime).

"[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b). Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute[s] in question…." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, the record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. *Id. See also Commonwealth v. Fowler*, 893 A.2d 758 (Pa.Super. 2006) (explaining where sentencing court had benefit of PSI report, we can presume it was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating factors); *Cruz-Centeno, supra* at 546 (stating: "Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed").

Instantly, Appellant raised the following issue in his Rule 1925(b) statement:

> The trial court abused its discretion in sentencing [Appellant] to seven to 20 years of incarceration at CC# 2014-06566. This sentence was manifestly unjust, unreasonable and excessive. The trial court failed to adequately consider and apply all of the relevant sentencing criteria, including the protection of the public, the gravity of the offense, and [Appellant's] rehabilitative needs, as required under 42 Pa.C.S.A. § 9721 (Sentencing Generally) and 42 Pa.C.S.A. § 9725 (Total Confinement). Specifically, the court did not adequately consider that

> [Appellant] had a prior record score of zero, took responsibility for his crimes, and has severe mental-health issues. Moreover, the trial court improperly considered a prior investigation into an unrelated matter in determining that [Appellant] is not amenable to rehabilitation.

(Appellant's Rule 1925(b) Statement, filed May 21, 2015, at 2). Significantly, Appellant did not include in his Rule 1925(b) statement his claims on appeal that the court focused solely on and "double counted" the seriousness of Appellant's offense, failed to discuss the sentencing guidelines at the guilty plea or sentencing hearings, did not reference the specific content of the PSI report at sentencing, and ignored the mitigating factors of Appellant's age, addiction problems, consistent employment, and display of remorse. Thus, these claims are waived. *See Commonwealth v. Schutzues*, 54 A.3d 86 (Pa.Super. 2012), *appeal denied*, 620 Pa. 699, 67 A.3d 796 (2013) (holding defendant waived challenge to discretionary aspects of sentencing where he failed to preserve claim in Rule 1925(b) statement).

Appellant also failed to preserve these complaints in his post-sentence motion, constituting waiver of these claims on this basis as well. *See* (Appellant's Post-Sentence Motion, filed February 10, 2015, at 1-4); *Griffin, supra*. Additionally, Appellant's post-sentence motion omits the claims raised for the first time in his Rule 1925(b) statement that the court ignored the sentencing criteria set forth at 42 Pa.C.S.A. § 9725, and considered a prior investigation involving Appellant to determine he was not amenable to

rehabilitation.[2]   Consequently, these averments are likewise waived.[3]   **See**

(Appellant's Post-Sentence Motion at 1-4); **Griffin, supra**; **McAfee, supra**.

Appellant's remaining averments, preserved in his post-sentence

motion and Rule 1925(b) statement, that the court did not adequately

consider and apply the Section 9721(b) sentencing factors, and imposed a

manifestly excessive above-the-guideline sentence, without consideration of

Appellant's mental health and rehabilitative needs, lack of a prior record,

and acceptance of responsibility, present substantial questions for review.

**See Cartrette, supra** (indicating claim court ignored appropriate sentencing

factors under Section 9721(b) raises substantial question); **Commonwealth**

**v. Raven**, 97 A.3d 1244 (Pa.Super. 2014), *appeal denied*, 105 A.3d 736

(2014) (explaining excessive sentence claim, raised in conjunction with

assertion court failed to consider mitigating factors, raises substantial

question).

In analyzing Appellant's preserved challenge to the court's sentencing

_____

[2] Moreover, the record belies this claim where the trial court expressly stated at sentencing and in its Rule 1925(a) opinion that it did not consider the Commonwealth's statements regarding a prior investigation involving Appellant. (**See** N.T. Sentencing Hearing at 4; Trial Court Opinion, filed July 21, 2015, at 3.)

[3] To the extent Appellant complains the court incorrectly stated the maximum sentence for aggravated assault at the guilty plea hearing, Appellant raises that claim for the first time on appeal, so it is waived. **See** Pa.R.A.P. 302(a) (stating issues not raised before trial court are waived and cannot be raised for first time on appeal).  Notably, Appellant did not seek to withdraw his guilty plea based on the alleged miscommunication.

discretion, the trial court reasoned:

> At the sentencing hearing, this [c]ourt noted that it had read and considered a Pre-Sentence Investigation report. It then placed its reasons for imposing sentence on the record:
>
>> THE COURT:     Okay.  [Appellant], I really can't consider the prior investigation since it did not lead to any kind of conviction.  So we don't know what there is to know about this.
>>
>> However, I am concerned, because this was a four-month-old child.  A four-month-old child, as you probably know, can't even sit up, let alone defend [herself] or talk.
>>
>> Now, she had a fracture to her forearm, three fractured ribs, which happened on a prior occasion, which leads me to conclude that it wasn't that you were angry one time and just took off on her.  She had another broken rib, and she had two corner fractures to both of her femurs.  This shows a long term pattern of abuse by you.  I certainly feel that you are a danger to any child in our community.  I don't see that you're amendable to rehabilitation.
>
> [(N.T. Sentencing Hearing at 4)].
>
> As the record reflects, this [c]ourt appropriately read and considered the pre-sentence investigation report, considered the factors and severity of the present offense, evaluated [Appellant's] potential for rehabilitation and imposed a sentence which took all of these factors into consideration.  Contrary to [Appellant's] assertion, the record specifically notes that this [c]ourt did not consider a prior child abuse investigation referenced by the Commonwealth.  Moreover, the record reflects great deliberation and consideration in the formulation of the sentence.  …  Given the facts of this case, the sentence imposed was appropriate, not excessive and well within this [c]ourt's discretion.  This claim must fail.

(Trial Court Opinion at 3-4).  We see no reason to disrupt the court's broad

sentencing discretion.  *See Walls, supra*; *Crump, supra*; *Fullin, supra*; *Kenner, supra*.

The record makes clear the court heard the Commonwealth's recitation of the facts at the guilty plea hearing, which Appellant did not dispute.  The court also listened to Victim's mother's impact statement.  The court evaluated the arguments of counsel at sentencing, including but not limited to, defense counsel's request for a mitigated range sentence based on Appellant's PRS of zero and his acceptance of responsibility.  Additionally, the court had the benefit of a PSI report, so we can presume the court was aware of relevant information regarding Appellant's character and weighed those considerations along with mitigating factors.  *See Fowler, supra*; *Cruz-Centeno, supra*.  The PSI report contained a description of Appellant's offenses, victim impact statements, Appellant's age, criminal history, employment history, family history, marital history, education, and physical and mental health information.  The court also recommended placement for Appellant at a mental health state correction institution, confirming the court gave thought to Appellant's mental health issues.  Under these circumstances, we cannot say the sentence imposed was "unreasonable."  *See Kenner, supra*.  Therefore, Appellant's sentencing challenge merits no relief.  *See Walls, supra*; *Fullin, supra*; *Kenner, supra*.  Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/18/2016